IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM L. OWEN, III, and RUPERT WHITEHEAD, III, on behalf of themselves and all those similarly-situated who consent to representation, | * * * * * |
| | * |
| Plaintiffs, | * |
| | * **FLSA COLLECTIVE ACTION** |
| | * |
| v. | * |
| | * |
| COGGINS PRODUCE GEORGIA, LLC, | * * |
| | * **JURY TRIAL DEMANDED** |
| Defendant. | * |

CIVIL ACTION NO:

**COMPLAINT**

Come now, the above-named Plaintiffs, and file their Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of overtime and wage and hour laws.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

4.

The Plaintiffs are each an "employee" as defined by 29 U.S.C. § 203(e).

5.

Defendant is a Washington limited liability company doing business within the State of Georgia, maintaining its registered agent and address as National Registered Agents, Inc., 1201 Peachtree Street, N.E., Suite 1240, Fulton County, Atlanta, Georgia 30361. This Court has personal jurisdiction over Defendant.

**VENUE**

6.

Defendant's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

7.

Venue in the Atlanta Division of the Northern District of Georgia is proper for Defendant pursuant to 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

8.

Defendant operates a farm in Lake Park, Georgia, at which it grows and packs fruit and vegetables for shipping throughout the United States.

9.

Since 2014 to the present, Defendant has employed two (2) or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(s)(1)(A).

10.

Since 2014 to the present, Defendant has been "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 207(a)(1).

11.

Since 2014 to the present, Defendant has employed two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined by 29 U.S.C. § 203(s)(1)(A).

-3-

12.

Since 2014 to the present, Defendant has had an annual gross volume of sales or business of not less than $500,000.00 as defined by 29 U.S.C. § 203(s)(1)(A).

13.

Plaintiff Owen is a citizen of the United States who resides in Jasper, Florida.

14.

From approximately September of 2014 until June 20, 2015, Plaintiff Owen was employed by Defendant at the Lake Park location as a Maintenance Technician in the Maintenance Department.

15.

Plaintiff Whitehead is a citizen of the United States who resides in Valdosta, Georgia.

16.

From approximately September of 2013 until June 20, 2015, Plaintiff Whitehead was employed by Defendant at the Lake Park location as a Maintenance Technician in the Maintenance Department.

17.

The Plaintiffs' positions were also referred to as a Maintenance Mechanic and Mechanic.

-4-

18.

Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and on behalf of all current or former similarly-situated Maintenance Technicians employed by Defendant at the Lake Park location who consent to join this action as party plaintiffs under 29 U.S.C. § 216(b).

19.

A similarly-situated Maintenance Technician means all persons working for Defendant, employed or previously employed, in the position of Maintenance Technician, Maintenance Mechanic and/or Mechanic at the Lake Park, Georgia location who worked hours in excess of forty (40) hours per week, were not paid overtime wages, and who worked for Defendant at any time between January 1, 2015 to the present.

20.

Defendant is a for-profit Washington limited liability company doing business within the State of Georgia and is subject to the jurisdiction of this Court.

21.

Defendant may be served with summons and process by service upon its registered agent, National Registered Agents, Inc., at 1201 Peachtree Street, N.E., Suite 1240, Fulton County, Atlanta, Georgia, 30361.

**FACTS**

22.

In his position as a Maintenance Technician, all of Plaintiff Owen's duties were manual labor, consisting of maintenance duties at the Lake Park farm, such as turning on water pumps, repairing machinery, and performing preventative maintenance on machinery.

23.

In his position as a Maintenance Technician, all of Plaintiff Whitehead's duties were manual labor, consisting of maintenance duties at the Lake Park farm, such as turning on water pumps, repairing machinery, and performing preventative maintenance on machinery.

24.

During their employment, the Plaintiffs were designated as lead Maintenance Technicians, in which they continued to perform manual labor consisting of maintenance duties at the Lake Park farm, such as turning on water pumps, repairing machinery, and performing preventative maintenance on machinery.

25.

In his position as a Maintenance Technician, Plaintiff Owen performed non-exempt duties as defined by the FLSA.

26.

Throughout his employment, Plaintiff Owen was paid based on an hourly rate.

27.

In his position as a Maintenance Technician, Plaintiff Whitehead performed non-exempt duties as defined by the FLSA.

28.

Throughout his employment, Plaintiff Whitehead was paid based on an hourly rate.

29.

Throughout his employment, Plaintiff Owen routinely worked greater than forty (40) hours per week in his employment with Defendant.

30.

Throughout his employment, Plaintiff Whitehead routinely worked greater than forty (40) hours per week in his employment with Defendant.

31.

Prior to approximately January 1, 2015, the Plaintiffs were paid overtime wages for the hours that they worked in excess of forty (40) hours per week.

32.

Beginning January 1, 2015, the Defendant ceased paying the Plaintiffs overtime wages for the hours that they worked in excess of forty (40) hours per week.

33.

In approximately December of 2014, Eddy Hillhouse, Defendant's former Maintenance Manager, held a meeting with all the Maintenance Technicians, including the Plaintiffs, and stated that the Defendant was no longer paying overtime and that the Maintenance Technicians would only be paid straight-time.

34.

During the meeting with Hillhouse, Hillhouse told the Maintenance Technicians that Defendant was longer paying overtime because, if the company paid Maintenance Technicians overtime, it would have to pay the H2-A migrant workers overtime, and that it cost the company too much to pay overtime.

35.

Beginning on January 1, 2015, the Defendant began a policy of not paying overtime to Maintenance Technicians.

36.

The Plaintiffs' duties are not FLSA exempt duties.

-8-

37.

Defendant has failed to comply with the FLSA and pay its Maintenance Technicians overtime wages, despite fully knowing that it is in violation of the FLSA.

38.

Defendant's actions have been willful as defined in 29 U.S.C. § 255(a).

39.

Plaintiffs are due retroactive payments and liquidated damages for overtime wages for hours worked beyond forty (40) hours per week.

**COUNT ONE:   FLSA FAILURE TO PAY OVERTIME WAGES**

40.

Plaintiffs incorporate herein paragraphs 1 through 39 of their Complaint.

41.

The job duties performed by Plaintiffs while employed with Defendant are not exempt job duties under the overtime provisions of the FLSA.

42.

Defendant has failed to pay Plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

43.

Defendant's conduct entitles Plaintiffs to the amount of their unpaid overtime compensation.

**COUNT TWO:   FLSA LIQUIDATED DAMAGES**

44.

Plaintiffs incorporate herein paragraphs 1 through 43 of their Complaint.

45.

Defendant's conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

46.

Wherefore, the Plaintiffs pray for a judgment as follows:

1.   That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiffs;

2.   That the Court grant Plaintiffs liquidated damages under the FLSA;

-10-

3.  That the Court grant Plaintiffs pre-judgment interest;

4.  That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA;

5.  That the Court grant Plaintiffs a jury trial;

6.  That the Court grant Plaintiffs all other relief the Court deems just and proper; and,

7.  That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this <u>11th</u> day of August 2015.

                                    **THE REDDY LAW FIRM, P.C.**

                                    <u>s/K. Prabhaker Reddy</u>
                                    K. PRABHAKER REDDY
                                    Attorney at Law
                                    Georgia Bar No. 597320
                                    THE REDDY LAW FIRM, P.C.
                                    1325 Satellite Boulevard
                                    Suite 1506
                                    Suwanee, Georgia 30024
                                    Telephone: (678) 629-3246
                                    Facsimile: (678) 629-3247
                                    Email: kpr@reddylaw.net